# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KEITH WEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-102 (MTT) |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Norfolk Southern Railway Company has moved for summary judgment. Doc. 20. The motion is **DENIED**.

## I. BACKGROUND

Plaintiff Keith Weeks alleges that Norfolk Southern violated the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20109, by retaliating against him for reporting a work-related injury. *See generally* Doc. 1. Specifically, he alleges that, when he attempted to return to work in 2014 after being out because of an injury since 2012, Norfolk Southern delayed his return to work by forcing him to undergo a functional capacity evaluation (FCE) to test his readiness for work, which he was physically unable to do, and that this caused him to lose his health insurance. Docs. 1 at 3; 23 at 13-14. Weeks further alleges that Norfolk Southern took these actions against him because he reported the 2012 injury as work-related to a Norfolk Southern claims agent in 2013. Docs. 1 at 3; 23 at 4. Norfolk Southern now moves for summary judgment as to Weeks's FRSA claim and his claim for punitive damages. Doc. 20.

## II. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

If the movant makes this showing, "the burden shifts to the non-moving party to rebut that showing by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions,

not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. FRSA CAUSE OF ACTION

The parties agree that, for a FRSA claim, a plaintiff must establish by a preponderance of the evidence that (1) "he engaged in protected activity"; (2) "the employer knew that [he] engaged in protected activity"; (3) "he suffered an unfavorable personnel action"; and (4) "the protected activity was a contributing factor in the unfavorable action." Docs. 20-1 at 5 (quoting *Consolidated Rail Corp. v. United States Dep't of Labor*, 567 F. App'x 334, 337 (6th Cir. 2014)); 23 at 2 (quoting *Araujo v. N.J. Transit Rail Op., Inc.*, 708 F.3d 152, 157 (3rd Cir. 2013)); *see also James v. CSX Transp. Inc.*, 2017 WL 2471828, *5 (M.D. Ga.) (quoting *Majali v. U.S. Dep't of Labor*, 294 F. App'x 562, 566 (11th Cir. 2008) ("The FRSA incorporates the Wendell H. Ford Aviation Investment and Reform Act's burden-shifting framework for retaliation claims." (citing 49 U.S.C. § 42121(b)(2)(B); *Araujo*, 708 F.3d at 157)). Once an employee establishes a prima facie case, the employer then holds the burden to demonstrate "by clear and convincing evidence, that it would have taken the same adverse action in the absence of the protected activity." *Consolidated Rail Corp.*, 567 F. App'x at 337; *see also Araujo*, 708 F.3d at 159; *James*, 2017 WL 2471828, *5 (quoting *Majali*, 294 F. App'x at 566-67). "To meet [this] burden, the employer must show that 'the truth of its factual contentions are highly probable.'" *Araujo,* 708 F.3d at 159 (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).

Considering the evidence in the light most favorable to Weeks, it is clear that Weeks has adduced evidence that would authorize a jury to find that he has established

a prima facie case. Norfolk Southern does not appear to dispute that Weeks suffered an unfavorable personnel action. And there is at least an issue of fact as to whether Weeks engaged in protected activity that was a contributing factor in the unfavorable personnel action. The Court cannot accept Norfolk Southern's argument that Weeks's protected activity is too removed from the adverse employment action to be considered a contributing factor as a matter of law.[1] Doc. 20-1 at 6-8. Weeks was on leave at the time of the protected conduct without expectation, on Norfolk Southern's part, of him returning. *See* Doc. 25-2 at 62:7-14. Indeed, Weeks's supervisor, David Walker, admitted that he did not think Weeks was going to return after he left work in 2012 until he attempted to do so in 2014. *Id*. Thus, as Weeks argues, a jury could find Norfolk Southern retaliated against him at the first opportunity after his protected conduct. Doc. 23 at 5. Moreover, there was no intervening conduct worthy of disciplinary action, and Weeks has presented evidence beyond temporal proximity to establish a causal relation.

Norfolk Southern also argues the protected conduct was not a contributing factor in forcing Weeks to undergo an FCE because asking an employee to do so was routine and that it was "entirely normal" for Weeks's supervisor, David Walker, to be involved in that process. Doc. 20-1 at 15. But the evidence suggests otherwise, especially when

---

[1] The cases cited by Norfolk Southern to support this position are distinguishable. *See, e.g.*, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (concluding that a "three to four month disparity between the statutorily protected expression and the adverse employment action" was not close enough temporally to establish causation alone); *Adams v. Cobb Cty. School Dist.*, 242 F. App'x 616, 621 (11th Cir. 2007) (concluding that the plaintiff failed to state a retaliation claim where there was a three-year delay between the protected conduct and the adverse action when the plaintiff was employed by the defendant during the entirety of that time); *Gunderson v. BNSF Railway Company*, 850 F.3d 962, 969 (8th Cir. 2017) ("[The Plaintiff]'s prior safety-related activities were remote in time and disconnected from the [adverse employment action] by an intervening event that independently justified adverse disciplinary action." (internal quotation marks omitted)); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) ("[T]he district court held that the three-month period between the activity and termination, standing alone, does not establish a causal connection.").

-4-

comparing the 2014 FCE and Walker's involvement therein to the procedure leading to Weeks undergoing an FCE in 2010. Docs. 23-1¶ 23-25; 23-3; 23-6; 23-18. Similarly, a fact issue remains as to the cause of, and Norfolk Southern's involvement in, the cancellation of Weeks's insurance. *See* Doc. 23-1 ¶ 32.

Moreover, even if Weeks must establish discriminatory intent to prove the protected activity was a contributing factor, as Norfolk Southern argues, there is a fact issue as to whether there was such intent based on the evidence of Walker's animus towards Weeks.[2] Finally, drawing all justifiable inferences in Weeks's favor, he has presented sufficient evidence, albeit circumstantial, from which a reasonable jury could infer that Walker was in fact aware of Weeks's protected conduct at the time he attempted to return to work in 2014.[3] *See Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."); *see also Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." (internal quotation marks and citations omitted)); *cf. Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327 (11th Cir. 2011) (stating that, in a discrimination case under the McDonnell-Douglas framework, a plaintiff may defeat a summary judgment motion by "present[ing] a convincing mosaic of circumstantial

---

[2] This includes Weeks's testimony that Walker: (1) told him, after he returned to work following previous injuries, "that they would be watching [him] now" and that Weeks had a "bullseye on [his] back" (Doc. 25-1 at 30:1-5, 144:34-146:1); and that Walker told Weeks he would not allow him to come back to work when Weeks was on leave after his 2012 injury prior to his attempted return to work in 2014 (*Id*. at 31:2-4).

[3] The parties appear to agree that the relevant inquiry is whether Walker, as Weeks's supervisor, knew of his protected activity at the time he attempted to return to work in 2014. Docs. 20-1 at 8; 23 at 5; 24 at 4. Weeks admitted that he told only a Norfolk Southern claims agent about his intention to file a work-related injury claim, and Walker testified that he was not aware of Weeks's protected conduct when he attempted to return to work. Docs. 25-1 at 126:25-127:16; 25-2 at 55:20-564. But Walker also testified that he spoke with the claims department as a part of his job, that "there could have been a discussion" about Weeks with the claims department at some point, and that he spoke with Weeks during the time he was on leave from his 2012 injury. Doc. 25-2 at 54:24-55:9, 58:12-19, 62:12-64:1.

evidence that would allow a jury to infer intentional discrimination by the decisionmaker" (internal quotation marks and citations omitted)).

Norfolk Southern has also failed to establish an absence of a genuine fact dispute as to whether it would have taken the same unfavorable personnel actions towards Weeks regardless of the protected conduct. Norfolk Southern's argument on this point hinges on its assertion that the FCE, and Walker's involvement, was routine, relying on a comparison between Weeks's 2010 and 2014 return-to-work processes. Docs. 20-1 at 15 ("The critical comparator in this case is Weeks himself."). But, as stated, there is a fact issue as to whether those processes were in fact the same, particularly as to Walker's involvement. And the same can be said regarding Weeks's insurance – a fact issue remains as to both the cause of and process that led to it being cancelled.

## IV. <u>WEEKS'S CLAIM FOR PUNITIVE DAMAGES</u>

Norfolk Southern has failed to establish that Weeks is not entitled to punitive damages as a matter of law. Therefore, Norfolk Southern is not entitled to summary judgment as to this claim.

## V. CONCLUSION

Accordingly, the Court **DENIES** Norfolk Southern's Motion for Summary Judgment (Doc. 20).

**SO ORDERED**, this the 15th day of September, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
