IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEITH WEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-102 (MTT) |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Norfolk Southern Railway Company has moved for this Court to reconsider its order denying Norfolk Southern's Motion for Summary Judgment (Doc. 26). Doc. 27. The Motion is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Norfolk Southern presents two arguments for reconsideration. First, Norfolk Southern argues that the Eleventh Circuit's decision in *Clover v. Total System Services, Inc.*, 176 F.3d 1346 (11th Cir. 1999), requires the Court to reach a contrary conclusion as to whether Plaintiff Keith Weeks's supervisor, David Walker, had knowledge of his protected activity, which Weeks must establish to state a retaliation claim under the Federal Railway Safety Act, 49 U.S.C. § 20109. Doc. 27 at 4. The Court disagrees. In *Clover*, much like this case, the plaintiff attempted to prove her supervisor was aware of her protected conduct through circumstantial evidence, but the Eleventh Circuit held the evidence was insufficient to avoid summary judgment on her Title VII retaliation claim. *Clover*, 176 F.3d at 1354-55. But the circumstantial evidence in this case is simply stronger than that in *Clover*, in which the plaintiff relied on attenuated evidence of relationships and communication between her supervisor and other parties. *Id.*

Here, as discussed in the Court's order, Weeks has presented sufficient circumstantial evidence from which a reasonable jury could find that David Walker, Weeks's supervisor and the relevant decision-maker, knew of Weeks's protected activity, including Walker's deposition testimony that there "could have been a discussion" about Weeks with a Norfolk Southern claims agent. Doc. 26 at 5, 5 n.3; *cf. Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 n. 12, 1163-64 (11th Cir. 1993) (affirming the district court's finding of sufficient evidence to find the decision-maker was aware of the plaintiff's protected conduct, despite the decision-maker's testimony to the contrary, where the decision-maker was impeached with his deposition testimony that he may have had a conversation about the plaintiff's claims); *see also Carlton v. Norfolk Southern Railway Co.*, No. 1:16-cv-729-RWS, Doc. 43 at 25 (N.D. Ga. June 28, 2017)

("The decision-maker's knowledge may be established through a wide range of circumstantial evidence, including the acts or knowledge of a combination of individuals involved in the decision-making process." (quotation marks and citation omitted)).

Finally, Norfolk Southern also points to a recent decision in the Northern District of Georgia, *Carlton & Fuller v. Norfolk Southern Railway Co.*, in which Judge Story granted summary judgment to Norfolk Southern on the grounds that a supervisor did not have knowledge of protected activity. As in this case, the decision-maker in *Carlton* denied having knowledge of the plaintiff's protected conduct, and, unlike here, the plaintiffs failed to present evidence of such knowledge to contradict that denial, prompting Judge Story to state that the plaintiffs could not avoid summary judgment by relying "on mere speculation that a jury might arbitrarily disbelieve . . . testimony." *Id.* at 25 (quotation marks and citation omitted). But that is not what the Court found in this case; rather, the Court found Weeks has presented sufficient evidence from which a jury could find that Walker indeed had knowledge of the protected activity. Doc. 26 at 5.

As such, Norfolk Southern has raised no change in the law, newly discovered evidence, or clear error to justify reconsideration of the Court's order denying summary judgment. Accordingly, Norfolk Southern's Motion for Reconsideration (Doc. 27) is **DENIED**.

**SO ORDERED**, this the 7th day of November, 2017.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT